UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-60601-CIV-HURLEY/HOPKINS

**BRIAN DITTHARDT, et al.,**

    **Plaintiffs,**

v.

**NORTH OCEAN CONDOS, L.P.,**

    **Defendant.**

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** comes before the court upon defendant's motion to dismiss [DE # 8]. For the reasons given below, the court will grant the motion and dismiss the complaint.

### BACKGROUND

Plaintiffs Brian and Valerie Ditthardt entered into purchase agreements to buy condominium units from defendant North Ocean Condos, L.P. on August 12, 2005 and August 27, 2005 respectively. On April 28, 2008 the plaintiffs filed the instant lawsuit, seeking to rescind the purchase agreement pursuant to the Interstate Land Sales Full Disclosure Act (ILSFDA), 15 U.S.C. § 1703(c) - (d). On May 23, 2008 the defendant filed this motion to dismiss the complaint.

### JURISDICTION

This court has jurisdiction over plaintiffs' ILSFDA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1719 because the complaint asserts claims under 15 U.S.C. § 1703. This court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

Venue is proper in this court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of

the events giving rise to the claim occurred in the Southern District of Florida.

## DISCUSSION

**A.      Standard on Motion to Dismiss**

Granting a motion to dismiss is appropriate when a complaint contains simply "a formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). To survive a motion to dismiss, a complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence" in support of the claim and that plausibly suggest relief is appropriate. *Id.* On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir. 1986). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted. *See Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985). Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. Of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

**B.      Defendant's Motion to Dismiss**

   1.      Statute of Limitations

The purchase agreements were executed on August 12, 2005 and August 27, 2005. The complaint alleges that the plaintiffs were not given property reports as required by § 1703(c), and that the purchase agreements did not include the statutory provisions required by § 1703(d). Plaintiffs thus seek to invoke ILSFDA's rescission remedy. However, because the complaint was not filed until April 28, 2008, defendant argues that plaintiff's claim for rescission is untimely.

Both 15 U.S.C. § 1703(c) and § 1703(d) provide that the right of rescission must be invoked within two years from the date the agreement is signed.[1] Plaintiffs failed to do so – this suit was filed approximately 33 months after the purchase agreements were executed. Plaintiffs instead point to the more general statute of limitations found in 15 U.S.C. § 1711(b), which provides: "No action shall be maintained under section 1709 of this title to enforce a right created under subsection (b), (c), (d), or (e) of section 1703 of this title unless brought within *three years* after the signing of the contract or lease, notwithstanding delivery of a deed to a purchaser." 15 U.S.C. § 1711(b) (emphasis added). In support of their contention that the three-year period of § 1711(b), rather than the two-year limits provided in each of § 1703(c) and § 1703(d), applies to their claims for rescission, plaintiffs point to *Engle Homes Inc. v. Krasna*, 766 So.2d 311 (Fla. 4th DCA 2000).

In *Krasna,* purchasers of a home brought an ILSFDA action against the home builder for rescission and refund of the purchase price. In October 1994, the purchasers contracted with Engle

---

[1] Section 1703(c) reads:

In the case of any contract or agreement for the sale or lease of a lot for which a property report is required by this chapter and the property report has not been given to the purchaser or lessee in advance of his or her signing such contract or agreement, such contract or agreement may be revoked at the option of the purchaser within two years from the date of such signing, and such contract or agreement shall clearly provide this right.

15 U.S.C. § 1703(c). Section 1703(d) reads, in relevant part:

Any contract or agreement which is for the sale of a lot not exempt under section 1702 of this title and which does not provide [a description of the lot, an opportunity for the buyer to cure in case of default, and a refund to a defaulting buyer of the amount paid in excess of 15% of the purchase price] may be revoked at the option of the purchaser or lessee for two years from the date of the signing of such contract or agreement.

15 U.S.C. § 1703(d).

3

Homes to build a house. *Id.* at 312. The purchase agreement did not inform the buyers of their right to rescind the purchase within seven days, as required by § 1703(b). Thirty-one months later, the buyers sought to rescind the contract. The court held the rescission claim timely under the three-year limitation period of § 1711(b). *Id.* at 313.

Plaintiffs' reliance on *Krasna* is misplaced. *Krasna* involved a violation of § 1703(b), while the instant case involves alleged violations of § 1703(c) and § 1703(d). A proper understanding of the differences between the subsections makes clear why § 1711(b)'s three-year limitations period would apply to violations of § 1703(b), while the right to rescission provided in § 1703(c) and § 1703(d) is limited to two years. Section 1703(b) is a general "buyer's remorse" provision that allows a purchaser or lessee to revoke the sale or lease of a covered lot within seven days of the agreement, and requires the agreement to clearly provide the right. So the seven-day option to revoke (and notice thereof) is the substantive right afforded by § 1703(b); the seven-day period is not the limitations period for asserting a violation of some other substantive right provided by that subsection. In the absence of any more specific limitation period provided in § 1703(b) itself, the applicable limitations period must be ILSDFDA's general three-year period, found at § 1711(b). This was the result reached by the Fourth District Court of Appeal in *Krasna*.

Sections 1703(c) and 1703(d) are different. Each provides substantive rights unrelated to a particular time period – the right to a property report, and the right to certain contractual terms in the purchase agreement, respectively. Each then goes on to specify a particular remedy – rescission – for violations of those rights, as well as a particular limitations period (two years) in which to invoke that remedy. So, unlike § 1703(b), sections 1703(c) and 1703(d) provide not only substantive rights, but also a particular remedy with its own limitations period. And where two statutes of limitations

might be read to apply in a particular situation, one general and one more specific, the general rule is that the court must apply the more specific limitations period. *See, e.g.*, *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 518 F.3d 459, 468 (7th Cir. 2008); *Mismash v. Murray City*, 730 F.2d 1366, 1367 (10th Cir. 1984); *San Juan Basin Consortium v. EnerVest San Juan Acquisition Ltd. Partnership*, 67 F. Supp. 2d 1213, 1224 (D. Colo. 1999). The court thus concludes that claims for rescission are subject to a two-year limitation period.

This approach best harmonizes operation of the statute's various provisions, because if the three-year general limitations period applied to rescission claims brought under § 1703(c) and § 1703(d), the mention in those subsections of a two-year period would be effectively meaningless. A construction which renders parts of the statute superfluous is to be avoided if at all possible. *Cf. Bank of America Nat. Trust and Sav. Ass'n v. 203 North LaSalle Street Partnership*, 526 U.S. 434, 452 (1999) (acknowledging "the interpretive obligation to give meaning to all the statutory language"); *Thomas v. Crosby*, 371 F.3d 782, 811 (11th Cir. 2004) ("Courts undoubtedly have an obligation to harmonize the various provisions within a statutory scheme."). Under the reading adopted by the court today, the statute of limitations in § 1711(b) is not meaningless even as applied to claims under §§ 1703(c) and (d), because the two-year limit would apply only to claims seeking rescission under those two subsections. The three-year § 1711(b) period continues to apply to claims seeking other relief (e.g., monetary damages) for § 1703(c) and § 1703(d) violations. *See Orsi v. Kirkwood*, 1992 WL 511406 at *3-*4 (E. D. Va. 1992), *aff'd*, 999 F.2d 86 (4th Cir. 1993).

The court is fortified in its conclusion by the recent decision in *Taylor v. Holiday Isle, LLC*, – F. Supp. 2d. –, 2008 WL 2222945 (S.D. Ala. 2008), which considered and explicitly repudiated *Krasna*. *Id.* at *3 n.11. Unlike *Krasna*, but like the instant case, *Taylor* involved a claim for

5

rescission for alleged violations of §§ 1703(c) and (d) brought more than two years, but less than three years, after the signing of the agreement. After consulting the statutory text, legislative history, and relevant treatises, the court concluded in *Taylor* that the rescission remedy must be invoked within two years. *Id.* at *3 and n.8. This court finds the reasoning in *Taylor* persuasive and joins its conclusion that rescission claims pursuant to § 1703(c) and § 1703(d) must be brought within two years of the date of signing.

### 2. *Equitable Tolling*

Plaintiffs next argue that, even if the applicable time limit for the rescission claim is two years, the court should apply the doctrine of equitable tolling to deem plaintiffs' rescission claims timely. The Eleventh Circuit specifically considered whether equitable tolling of ILSFDA's statute of limitations was available in *Cook v. Deltona Corp.*, 753 F.2d 1552 (11th Cir. 1985). Construing the pre-1979 version of ILSFDA, the court held that the statute of limitations provided by § 1711 could not be equitably tolled, but that a defendant could, under some circumstances, be equitably estopped from asserting the time bar as a defense. *Id.* at 1562-63. But because the 1979 amendments to ILSFDA changed § 1711 considerably, the court does not rely on *Cook* here.

Instead, the court turns to the general principles governing equitable tolling, as enunciated by the Eleventh Circuit. Equitable tolling of statutes of limitations is appropriate only when the plaintiff has established (1) extraordinary circumstances, and (2) due diligence. *Brotherhood of Locomotive Eng'rs and Trainmen General Committee of Adjustment CSX Transportation Northern Lines v. CSX Transportation, Inc.,* 522 F.3d 1190, 1197 (11th Cir. 2008). The plaintiff bears the burden of demonstrating the extraordinary circumstances. *Id.* Moreover, the term "extraordinary circumstances" is to be construed narrowly. *Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir.

2007).

In the instant case, the plaintiffs have not established extraordinary circumstances warranting equitable tolling of the limitations period. The court is mindful that the injuries alleged by plaintiffs are failures to disclose information as required by § 1703(c) and § 1703(d). The nature of this kind of violation is such that an injured plaintiff often does not know that his rights have been violated. To this limited extent, the equities involved do suggest that the limitations period should perhaps be tolled.

But the fact that this is in the nature of the violation is just what precludes plaintiffs' circumstances from being properly decribed as "extraordinary." Every § 1703(c) or § 1703(d) violation necessarily involves a failure to disclose some information. Plaintiffs are essentially asking the court to find that a § 1703(c) or (d) violation, without more, constitutes the extraordinary circumstances necessary to support equitable tolling. This cannot be the case; if it were, equitable tolling would be appropriate in every § 1703(c) or (d) claim, and ILSFDA's limitations periods – not only the two-year limits in subsections (c) and (d), but the three-year limit in § 1711(b) as well, for the principles of equitable tolling would presumably operate equally on both – would essentially be read out of the statute. Finally, to the extent plaintiffs are claiming that equitable tolling is justified by ignorance of the statute of limitations itself, rather than ignorance of their injuries, plaintiffs' position must be rejected. *See Jackson*, 506 F.3d at 1356 (citing *Wakefield v. Railroad Retirement Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling.")).

## CONCLUSION

In light of the foregoing, the court concludes that plaintiffs' rescission claims are untimely.

Order Granting Defendant's Motion to Dismiss
Ditthardt et al. v. North Ocean Condos, L.P.
Case No. 08-60601-CIV-HURLEY/HOPKINS

These are the only federal claims in the currently operative complaint; defendant next asks the court to decline to exercise its supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3). However, plaintiffs have requested leave to assert claims for damages pursuant to 15 U.S.C. § 1709. The court will grant plaintiffs leave to file an amended complaint asserting claims under § 1709. Because the court has original jurisdiction over the § 1709 claims plaintiffs intend to assert, defendant's request that the court decline to exercise supplemental jurisdiction over plaintiffs' state-law claims is moot.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant's motion to dismiss [DE # 8] is **GRANTED**.

2. Count I of the complaint is **DISMISSED.**

3. Within **TWENTY (20) DAYS**, plaintiffs are directed to file an amended complaint asserting claims pursuant to 15 U.S.C. § 1709, as well as any state-law claims over which this court has supplemental jurisdiction.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 11th day of July, 2008.

Daniel T. K. Hurley
United States District Judge

*Copies furnished to counsel of record*